UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANET BOYLAN,

       Plaintiff,

  -v-                                                                  No.  15-CV-6730-LTS-JCF

ANDREW SAUL,[1]

       Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Howard Olinsky ("Petitioner"), attorney for Plaintiff, moves pursuant to Social Security Act section 206(b)(1) and 42 U.S.C section 406(b)(1)(A) ("section 406(b)(1)(A)") for an award of attorney's fees.  (Docket Entry No. 28.)  The Commissioner of Social Security ("Defendant") opposes the motion as untimely.  The Court has jurisdiction of this action pursuant to section 406(b)(1)(A).

The Court has reviewed in their entireties the submissions of the parties[2] and, for the following reasons, grants Petitioner's motion for attorney's fees.

### BACKGROUND

The following factual recitation is drawn from the undisputed factual proffers of the parties as well as the record of the case.

On August 25, 2015, Plaintiff appealed the Commissioner of Social Security's decision to deny Plaintiff's applications for disability insurance.  (Docket Entry No. 1.) Petitioner and Plaintiff entered into a contingency fee agreement wherein if Plaintiff won her

---

[1]     The current Commissioner of Social Security is hereby substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).
[2]     Docket Entry Numbers 28, 29, 30, and 31.

case, Petitioner's fee would be equal to twenty-five percent of the past-due benefits awarded. (Docket Entry No. 29, Exh. B.)  On March 31, 2015, this Court reversed and remanded the matter to the Commissioner pursuant to sentence four of 42 U.S.C. section 405(g).  (Docket Entry No. 22.)  On July 12, 2016, this Court awarded Petitioner attorney's fees of $7,100.00 pursuant to the Equal Access to Justice Act.  (Docket Entry No. 27.)

On remand, Petitioner did not represent Plaintiff and was not the attorney of record.  (Docket Entry No. 29, at ¶ 9.)  On December 12, 2017, an administrative law judge issued a decision ("the Award") that was fully favorable to Plaintiff, finding that Plaintiff was entitled to $69,328.00 in past-due disability insurance benefits.  (Id., Exh. A, Exh. C.)  Plaintiff's representative on remand was authorized to received $6,000, paid from Plaintiff's Award.  (Id., Exh. D.)  The Social Security Administration ("the Agency") did not send a copy of the Notice of Award to Petitioner.  (Id. at ¶ 9.)  Plaintiff's representative on remand did not notify Petitioner of the Award, "[d]espite routine follow-ups . . . ," until after being prompted by Plaintiff.  (Id. at ¶ 9.)  On December 13, 2018, Petitioner filed the instant motion.  (Docket Entry No. 28.)

## DISCUSSION

Pursuant to 42 U.S.C.S. section 406(b)(1) (LexisNexis 2010), when a "court renders a judgment favorable to a claimant . . . represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ."  Section 406(b) also permits the Court to award attorney's fees after remand where the ALJ subsequently awarded benefits. See, e.g., Rose v. Barnhart, No. 1-CIV-1645 (KMW) (RLE), 2007 WL 549419, at *3 (S.D.N.Y. Feb. 16, 2007) ("406(b) permits attorneys to petition for fees after a case has been remanded for further proceedings under sentence four of the provision").  However, a motion for attorney's fees must be filed within 14 days after the entry of judgment, here the sentence four remand, see

Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019) (applying Fed. R. Civ. P. 54), and Petitioner filed this motion nearly one year after the Award issued.

In Sinkler, the Second Circuit recognized that the factual circumstances now before the Court pose a "practical problem": because section 406(b) "caps attorney's fees at 25% of the benefits awarded" and "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands," Rule 54 imposes "a deadline that cannot be met." Id. at 87 (citing Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010)). The Second Circuit held that tolling Rule 54's 14-day filing period "best resolves the practical concerns that can arise" from a sentence four remand because equitable tolling "prevent[s] unfairness to a plaintiff who is not at fault for her lateness in filing." Id. at 88 (quoting Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011)). The Sinkler court applied that principle to Rule 54's limitations period "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutory capped by the amount of an as-yet-unknown benefits award." Id. Accordingly, the Second Circuit held that, "[o]nce counsel receives notice of the benefits award – and, therefore, the maximum attorney's fees that may be claimed – there is no sound reason not to apply Rule 54[(d)](2)(B)'s fourteen-day limitations period to a § 406(b) filing . . . ." Id.[3]

---

[3] The Sinkler decision is arguably ambiguous as to when the tolling period ordinarily ends and the 14-day filing period begins to run, referring variously to commencement upon notice to the claimant in its introductory passage and final summary (id. at 85, 91) and to counsel's receipt of notice (id. at 88). Because the Sinkler court referenced notice to counsel in presenting its reasoning that Rule 54's filing period may be equitabilty tolled to allow counsel to file a motion for fees after learning the total amount awarded rather than require counsel seek fees at a time when there is no reference point in the form of an award, it is most consistent with the Second Circuit's reasoning to apply equitable tolling by reference to the date upon which counsel learns of the award and is able to perform the necessary computations. Further support for the Court's interpretation of Sinkler is provided by the Third Circuit's decision in Walker v. Astrue, 593 F.3d 274 (3d Cir. 2010), which the Sinkler Court cited with approval in adopting Rule 54's filing period,

Here, Petitioner received notice of the Commissioner's decision on December 12, 2018. Petitioner filed the instant motion the next day, December 13, 2018, well within Rule 54's fourteen-day limitations period, which the Court finds was tolled until counsel received notice of the Award. Counsel could not have been expected to file an earlier application "capped by the amount of an as-yet-unknown benefits award." Sinkler, 932 F.3d at 88. Equitable tolling is also justified because Petitioner is not at fault for the delay. Petitioner was not the attorney of record before the Agency and did not receive notice from the Agency when the Award was issued. Petitioner made routine inquiries of Plaintiff's representative before the Agency and filed the instant motion promptly after he received notice of the Award. Accordingly, application of the equitable tolling doctrine, as authorized by Sinkler, is warranted under these circumstances. See Gonzalez, 651 F.3d at 322 ("Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing"). Petitioner's motion is therefore timely.

Petitioner seeks an award of attorneys' fees in the amount of $11,332.00. (Docket Entry No. 29.) "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Here, Petitioner's contingency fee agreement provides for Petitioner to be paid 25% of the past-due benefits awarded. Twenty-five percent of Plaintiff's award is $17,332.00, $6,000 of which was allocated for Plaintiff's representative before the Agency. Accordingly, Petitioner's

---

quoting Walker for the proposition that the filing deadline would be tolled "until the notice of award is issued by the Commissioner on remand, and counsel is notified of that award." Sinkler, 932 F.3d at 87 (quoting Walker, 593 F.3d at 280) (internal quotations omitted and emphasis added).

contingency fee agreement calls for the payment of $11,322.00, and the Court may only reduce that amount if it is unreasonable.  There is no evidence before the Court that $11,332.00 is unreasonable, and the parties doe not dispute that the requested amount is reasonable.[4]  Petitioner has provided time records documenting the hours expended, see Docket Entry No. 29, Exh. E, and the number of hours is not excessive, redundant, or otherwise unnecessary.  See <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 117 (2d Cir. 1997).

Accordingly, Petitioner's motion for attorney's fees in the amount of $11,322.00 is granted.  Petitioner must refund to Plaintiff the $7,100.00 awarded by the Court's July 12, 2016, Order.  See <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee") (internal quotation omitted).

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion for attorney's fees is granted and Petitioner is hereby awarded $11,322.00.

This Memorandum Opinion and Order resolves Docket Entry Number 28.

SO ORDERED.

Dated: New York, New York
September 2, 2020

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[4] "[T]he Government believes that the total fees sought by plaintiff's counsel pursuant to 42 U.S.C. § 604(b) are reasonable . . . ." (Docket Entry No. 30, at 2.)