UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANET BOYLAN,

        Plaintiff,

-v-                                                      No. 15-CV-6730-LTS

KILOLO KIJAKAZI,[1]

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is the motion brought by Howard Olinsky ("Petitioner"), attorney for Plaintiff, seeking to hold the Commissioner of Social Security ("Defendant") in civil contempt of the Court's September 2, 2020, order granting Petitioner's motion for attorney's fees pursuant to Social Security Act section 206(b)(1) and 42 U.S.C section 406(b)(1)(A). (Docket entry no. 34.) In support of his motion for civil contempt, Petitioner submits that Defendant refused to pay him the $11,322.00 in attorney's fees awarded by the Court and released all past due benefits to Plaintiff. (Docket entry no. 36 ("Pet. Mem.") at ECF page 1.) Defendant opposes the motion, arguing that Defendant "was diligent in her efforts to carry out this Court's order but was precluded from doing so" because Petitioner failed to comply with the Social Security Administration's prerequisites for payment. (Docket entry no. 44 ("Def. Mem.") at 1.) The Court has jurisdiction of this action pursuant to 42 U.S.C. section 406(b)(1)(A).

        The Court has reviewed carefully the submissions of the parties and, for the following reasons, denies Petitioner's motion for civil contempt in entirety.

---

[1]    Kilolo Kijakazi is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

BACKGROUND

The following factual recitation is drawn from the court record and the parties' proffers in connection with Petitioner's contempt motion. The Court assumes the parties' familiarity with the facts and history of the case.

On August 25, 2015, Plaintiff appealed the Commissioner of Social Security's decision to deny Plaintiff's applications for disability insurance. (Docket entry no. 1.) Thereafter, the case was remanded to the Commissioner of Social Security for further administrative proceedings (docket entry no. 21), and an administrative law judge issued a decision in Plaintiff's favor on December 12, 2017. (Docket entry no. 43 ("Bowles Decl.") ¶ 11 and Ex. E.) Petitioner filed a motion for attorney's fees pursuant to 42 U.S.C. section 406(b)(1), which the Court granted on September 2, 2020 (docket entry no. 34), awarding Petitioner $11,322.00 in fees. Petitioner claims that Defendant has refused to pay him the amount owed, and that Defendant is therefore in contempt of the Court's order.

Defendant submits that its obligation to certify a payment of attorney's fees out of a beneficiary's past due benefits under 42 U.S.C. section 406(b) ("section 406(b)") is conditional, and Petitioner failed to comply with the Social Security Administration's requirements for an attorney to receive direct payment of fees. (Def Mem. at 1.) The parties agree that the Social Security Administration ("SSA") requires an attorney who wishes to receive payment of a fee out of Plaintiff's past-due benefits to register for direct payment in accordance with the agency's Program Operations Manual System ("POMS")[2] section GN 03920.017B. Defendant proffers that adequate registration requires the representative attorney to submit two forms: (1) Form SSA-1699, "Registration for Appointed Representative Services and Direct

---

[2]   Defendant explains that "POMS is the publicly available operating instructions used by SSA employees for processing social security claims." (Def. Mem. at 2 n.2.)

Payment," and (2) Form SSA-1695, "Identifying Information for Possible Direct Payment of Authorized Fees."[3] (Id. at 3; see also Bowles Decl. ¶ 13.) Petitioner submitted Form SSA-1699 on May 6, 2020, specifying his updated contact information and financial account information. (Pl. Mem. at ECF page 3 and Ex. C; Def. Mem. at 4; Bowles Decl., Ex. L.) The Social Security Administration ("SSA") acknowledged receipt of the Form SSA-1699 in a May 7, 2020, letter response to Petitioner. (Pl. Mem. at ECF page 3 and Ex. C; Def Mem. at 4; Bowles Decl. ¶ 17 and Ex. M.) Petitioner did not include a Form SSA-1695 with his May 6, 2020, submission, however. (Bowles Decl. ¶ 16; docket entry no. 45 ("Pl. Reply") at ECF pages 1-3.)

After the Court granted Petitioner's request for attorney's fees on September 2, 2020, the SSA sent Petitioner a letter, dated September 22, 2020, notifying him that agency records "do not show that you have registered for direct payment on this case." (Bowles Decl. ¶ 19 and Ex. N; Pl. Mem., Ex. B.) The letter also informed Petitioner that the agency "will only be able to pay the court ordered fee if you register for direct payment within 30 days from the date of this letter" and included an "attached enclosure" specifying that:

> In order for the Social Security Administration (SSA) to pay all or part of an approved fee directly to the representative from a claimant's past-due benefits the representative must register to receive direct payment by doing both of the following:
>
> 1. Submitting a completed Form SSA-1699 Registration for Appointed Representative Services and Direct Payment . . . .
>
> AND
>
> 2. Complete the direct payment and affiliation in section 5 (page 5) of Form SSA-1696 (formerly SSA-1695) in connection with a specific claim(s), in each instance of representation by sending or delivering a completed paper form . . . . each time:

---

[3]   Defendant proffers that "Form SSA-1695 and Form SSA-1696-U4 were combined into the revised form SSA-1696-UF on February 11, 2020." (Def. Mem. at 11 n.13 (citing Bowles Decl. ¶ 16 n.3).)

- he or she is appointed to represent a claimant before SSA and will request direct fee payment;

- a Federal court approves a fee, if the attorney requests direct payment and did not submit section 5 (page 5) of Form SSA-1696 (formerly SSA-1695) in connection with a specific claim(s), when the claim was pending before SSA; or;

- he or she ends affiliation with an entity and has pending case(s) related to that entity affiliation . . . .

(Id.)  Having not received a Form SSA-1695 from Petitioner, the SSA sent him a subsequent letter on November 3, 2020, informing Petitioner that, because he "had not registered for direct payment within 30 days of the agency's September 22, 2020 notice, the SSA would not directly pay fees from Plaintiff's past-due benefits, and instead would release those benefits to Plaintiff." (Def. Mem. at 5 (citing Bowles Decl. ¶ 20 and Ex. O).)

Having not received payment of the attorney's fee, Petitioner filed the instant motion, submitting that he was not required to provide a Form SSA-1695 to adequately register for direct payment, as that provision only applies when an attorney represents a claimant before the agency, rather than in proceedings in federal court.  (Pl. Reply at ECF pages 1-2.)

## DISCUSSION

A civil contempt order is "warranted only if the 'moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict.'" Mister Softee, Inc. v. Tsirkos, No. 14-CV-1975-LTS-RLE, 2014 WL 2971106, at *3 (S.D.N.Y. July 2, 2014) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)).  The movant seeking a contempt of court order bears the burden of demonstrating that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a

reasonable manner."  Id. (quoting United States v. N.Y.C. Dist. Council of N.Y.C., 229 F. App'x 14, 18 (2d Cir. 2007)).

Petitioner has failed to provide clear and convincing evidence that Defendant has failed to comply with the Court's September 2, 2020 order.  To the contrary, the parties' submissions indicate that Petitioner's failure to receive the awarded attorney's fee was entirely the consequence of his own doing.  Section 406(b)(1)(A) specifies that, in the context of an attorney's representation of a claimant before a federal court, "the Commissioner of Social Security may . . . certify the amount of such fee [award] for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. section 406(b)(1)(A) (Westlaw current through P.L. 117-240); see also Culbertson v. Berryhill, 139 S. Ct. 517, 520-21 (2019) (quoting 42 U.S.C section 406(b)(1)(A)).  The SSA's regulations note that "[a] representative must conduct business with us electronically at the times and in the manner we prescribe on matters for which the representative requests direct fee payment."  20 C.F.R. § 404.1713.  In regard to representation in court proceedings, POMS GN 03920.060[4] states: the "SSA will pay the fee to the attorney if the attorney is registered for direct payment, as defined in GN 03920.017B.3,"[5] which in turn specifies that "a representative must register via Form SSA-1699 and submit Form SSA-1695 . . . in order to receive direct payment."  Petitioner's argument that a Form SSA-1695 is only required in the context of representation before the SSA is flatly contradicted by the text of these provisions.  By not fulfilling the agency's requirements for direct payment, Petitioner precluded the agency from certifying the fee award in this case.

---

[4]   Attorneys' Fees for Representation in Proceedings Before a Court, available at https://secure.ssa.gov/poms.nSf/lnx/0203920060 (last accessed Dec. 28, 2022).

[5]   Payment of Representative's Fee, available at https://secure.ssa.gov/poms.nSf/lnx/0203920017 (last accessed Dec. 28, 2022).

In addition, and, in the alternative, Petitioner has failed to demonstrate that Defendant has not diligently attempted to comply with the Court's order in a reasonable manner. After the Court issued the September 2, 2020, order granting Petitioner's request for an award of attorney's fees, the SSA sent Petitioner a letter notifying him that he had not yet satisfied the requirements for registration for direct payment and was required to take the necessary steps to do so within 30 days for the agency to be able to pay him the court ordered fee. (Bowles Decl. ¶ 19 and Ex. N.) The notice provided a list of the "[r]egistration [r]requirements for [r]epresentatives to [r]eceive [d]irect [p]ayment of [a]pproved [f]ees[,]" including the necessary submission of Form SSA-1695, and also directed Petitioner to a website providing additional information about the registration process. Only after more than 30 additional days had passed, on November 3, 2020, did the agency send Plaintiff a notice informing him that the agency would "release the withheld past-due benefits to the claimant" because he "did not timely register for direct payment." (Id. ¶ 20 and Ex. O.)

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion to hold Defendant in civil contempt of the Court's September 2, 2020, order is denied in entirety.

This Memorandum Order resolves docket entry number 35.

SO ORDERED.

Dated: December 28, 2022
      New York, New York

                                       /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge